

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 20, 2025

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Roberto Cartagena*, 24 Cr. 516 (PGG)

Dear Judge Gardephe:

    The defendant intends to plead guilty, pursuant to an agreement with the Government, to Count One of a Superseding Misdemeanor Information at a hearing scheduled for Tuesday, June 24, 2025. The Government writes respectfully in response to the Court's June 18 order, (*see* Dkt. 93), to identify Count One's elements and explain the theory under which the defendant is expected to plead guilty.

    Count One charges the defendant with receiving compensation or a reward with intent to defraud the U.S. Department of Housing and Urban Development ("HUD") or with the intent unlawfully to defeat its purposes, in violation of 18 U.S.C. § 1012, when he "solicited and accepted a total of at least approximately $15,800 in bribes in exchange for arranging for certain contractors to receive no-bid contracts from the New York City Housing Authority—an agency which received a substantial portion of its funding from HUD—worth a total of at least approximately $160,000."

    Section 1012 contains several criminal prohibitions relating to transactions involving HUD, set out in three unenumerated paragraphs. *See* 18 U.S.C. § 1012. Count One tracks the language of the relevant provision in the statute's second paragraph: "Whoever receives any compensation, rebate, or reward, with intent to defraud [HUD] or with intent unlawfully to defeat its purposes . . . [s]hall be fined under this title or imprisoned not more than one year, or both." *Id.* Count One's elements, in turn, track this statutory language: *First*, that the defendant received any compensation, rebate, or reward, and *second*, that the defendant did so with the intent to defraud HUD or with the intent unlawfully to defeat its purposes. *See, e.g., United States v. Villanueva*, No. 24 Cr. 366 (PAE), Dkt. 36 (plea transcript) at 11–12, 22 (S.D.N.Y. Oct. 24, 2024) (accepting plea from a New York City Housing Authority ("NYCHA") employee in related bribery case).

    The defendant's conduct satisfies both elements of the relevant provision of Section 1012. *First*, by taking cash bribes, he "receive[d] any compensation" or "reward" as those terms are ordinarily understood. *See United States v. Hildenbrand*, 527 F.3d 466, 475–76 (5th Cir. 2008) (holding, in absence of statutory definition and with "no case from this or any other circuit to provide guidance on the issue," that the terms "compensation, rebate, or reward" are given their "ordinary, common-sense meaning"); *see also id.* at 476 (citing definition of "reward" as

"something that is given in return for good or evil done or received . . . and esp. that is offered or given for some service or attainment" (quoting Webster's Third New Int'l Dictionary (1981))); *cf. Henslee v. United States*, 262 F.2d 750, 752 (5th Cir. 1959) (holding that "compensation" in Section 1012 excludes funds that a municipal housing authority's employee obtained by embezzlement but would include funds received "as pay, over-payment, remuneration, rebate, reward, *bribe or gratuity for some favor or dereliction*" (emphasis added)).

*Second*, the defendant's solicitation and acceptance of these bribes was done with the intent to defraud HUD and defeat its purpose of ensuring that the municipal housing programs it finances operate without bribery and related misconduct. As the defendant knew, NYCHA received substantial federal funding and was required to comply with related HUD rules. For example, NYCHA's Procurement Policy Manual—"a reference tool for NYCHA staff involved in the procurement of goods and services," like the defendant—describes at length the HUD-administered federal regulations applicable to, among other things, the "micro purchase" procurements in connection with which the defendant solicited and accepted bribes. *See* Ex. A, NYCHA Procurement Policy Manual (rev. Mar. 2022; first ed. Jan. 2021) at 1, 6. Those rules require NYCHA to, among other things, adhere to procurement standards that state expressly that every NYCHA "employee, officer, agent, and board member . . . may neither solicit nor accept gratuities, favors, or anything of monetary value from contractors." 2 C.F.R. § 200.318(c)(1).

Section 1012's caselaw makes clear that the defendant's taking of cash bribes in connection with NYCHA's small-purchase contracts was "well calculated to defraud [HUD] and to defeat its purposes." *E.g.*, *Blum v. United States*, 212 F.2d 907, 908, 911 (5th Cir. 1954) (affirming Section 1012 conviction of municipal housing authority director who caused an unauthorized increase in his own salary).

Caselaw involving a related doctrine—*Klein* conspiracy—underscores the parties' theory of liability in this case. Just as Section 1012 focuses on an "intent to defraud [or] defeat [the] purposes" of a particular federal agency, the "defraud clause" of Section 371's general conspiracy statute focuses on agreements "to defraud the United States," language that has long been interpreted to include "defeating the lawful function of any department of government." *Hammerschmidt v. United States*, 265 U.S. 182, 185–86 (1924); *see also United States v. Coplan*, 703 F.3d 46, 57 (2d Cir. 2012) (noting the shorthand for this doctrine in the Second Circuit with reference to *United States v. Klein*, 247 F.2d 908, 915 (2d Cir. 1957)). Cases brought on a *Klein* conspiracy theory make equally plain that municipal or state employees "defraud the United States" when they take bribes in connection with federally funded programs. *See, e.g.*, *United States v. Wright*, 588 F.2d 31, 32, 35 (2d Cir. 1978) (affirming § 371 conviction of New York City school-board member for taking bribes from schoolbook contractor, which conduct deprived the federal government of "the faithful and honest participation of the Board of Education of the City of New York in the [federal] financial grant program"); *United States v. Del Toro*, 513 F.2d 656, 663–64 (2d Cir. 1975), *superseded by statute on other grounds as stated in Salinas v. United States*, 522 U.S. 52, 58–59 (1997) (affirming § 371 convictions arising out of bribes paid to employee of New York City Model Cities Administration, a city agency "funded and supervised in substantial part by [HUD]"). These cases amply demonstrate that a municipal employee "defrauds" and "defeats the purposes" of a federal agency when he takes bribes in contravention of the federal rules it attaches to its funding of state and local programs.

Consistent with this law, ten courts in this District have accepted guilty pleas under Section 1012 from NYCHA employees predicated on the fact of their solicitation and acceptance of bribes in connection with no-bid contracts awarded by NYCHA and regulated by HUD. *See Villanueva*, No. 24 Cr. 366 (PAE) (S.D.N.Y. Oct. 24, 2024); *United States v. Mendez*, No. 24 Cr. 597 (SLC) (S.D.N.Y. Oct. 15, 2024); *United States v. Salter*, No. 24 Cr. 415 (KHP) (S.D.N.Y. Jul. 3, 2024); *United States v. Chambers*, No. 24 Cr. 311 (JW) (S.D.N.Y. May 20, 2024); *United States v. Huntley*, No. 24 Cr. 283 (GS) (S.D.N.Y. May 7, 2024); *United States v. Nieves*, No. 24 Cr. 261 (BCM) (S.D.N.Y. Apr. 29, 2024); *United States v. Baez*, No. 24 Cr. 256 (RFT) (S.D.N.Y. Apr. 25, 2024); *United States v. Muniz*, No. 24 Cr. 228 (KHP) (S.D.N.Y. Apr. 15, 2024); *United States v. Davis*, No. 24 Cr. 210 (SN) (S.D.N.Y. Apr. 8, 2024); *United States v. Branch*, No. 24 Cr. 180 (JLC) (S.D.N.Y. Mar. 28, 2024).

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: \_\_\_/s/_____
Benjamin M. Burkett
Justin Horton
Jacob R. Fiddelman
Assistant United States Attorneys
(212) 637-2455 / 2276

cc: Counsel of Record