

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 14, 2025

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Roberto Cartagena*, 24 Cr. 516 (PGG)

Dear Judge Gardephe:

    At the sentencing proceeding on October 28, 2025, in the above-referenced matter, the Court announced its intention to sentence defendant Roberto Cartagena principally to a 30-day term of imprisonment to be served only on weekends, to be followed by a one-year term of supervised release. The Government writes in response to the Court's order issued the same day, which directed the parties to file submissions addressing: (i) the language to be included in the judgment concerning the Court's intended sentence; and (ii) the logistics of weekend incarceration. (Dkt. 113).

    The Government respectfully submits that, to effectuate its intended sentence in a legally valid manner, the Court must sentence the defendant to a term of probation and impose, as a discretionary condition of that term of probation pursuant to 18 U.S.C. § 3563(b)(10), a condition that the defendant spend weekends in the custody of the Bureau of Prisons (the "BOP") until the defendant has spent a total of 30 days in the custody of the BOP.[1] The Government understands

---

[1] The Government takes no position on whether the term of probation imposed by the Court should be a one-year term of probation or a 13-month term of probation, although the latter would most closely mirror the Court's intended sentence of 30 days imprisonment plus a one-year period of supervision.

Additionally, the defense has indicated to the Government that the defense intends to request that the defendant begin serving weekends in the custody of the BOP beginning on a particular date in early 2026. The Government has no objection to that request in principle and is of the view that this could be achieved by wording the condition of probation as to weekend BOP custody to read that, "beginning on **[date]**, the defendant spend weekends in the custody of the BOP until the defendant has spent a total of 30 days in the custody of the BOP." The Government notes that incorporating an effective "surrender date" into the condition in this manner is permissible—and thus the Government does not object to wording the condition in this manner—only insofar as it does not create a circumstance where the defendant's time in as the defendant's time in BOP custody would not be completed "during the first year of the term of probation," as required by the statute. *See* 18 U.S.C. § 3563(b)(10).

from conferring with BOP personnel that the BOP typically effectuates intermittent custody imposed pursuant to 18 U.S.C. § 3563(b)(10) by arranging to have the defendant housed at a residential re-entry center (*i.e.*, a "half-way house"), as opposed to a federal detention center or other BOP facility.  The Government further understands that this is accomplished logistically by having the U.S. Probation Officer responsible for supervising the defendant during the term in which he is subject to intermittent custody communicate and work in tandem with BOP personnel and, specifically, personnel from the BOP's Residential Re-entry Management Field Office, to arrange for the defendant's intermittent surrender to and release from BOP facilities (most commonly, a residential re-entry center).  Accordingly, should the Court accept the Government's recommendation to effectuate its intended sentence through imposition of a discretionary condition of probation under 18 U.S.C. § 3563(b)(10), the Government respectfully recommends that the condition (and the judgment memorializing the condition) be worded broadly—*i.e.*, "weekends in the custody of the BOP," as opposed to specifying a facility—so as to permit the BOP flexibility in finding accommodations for the defendant and effectuating the Court's sentence.

The Government has considered alternative means by which the Court could impose its intended sentence but has determined that those alternatives would yield a legally invalid sentence.  For instance, the Government considered whether the Court could impose a 30-day term of imprisonment outright, while specifying that the term of imprisonment is to be served intermittently on the weekends.  The Government, however, has found no authority permitting the Court to direct the BOP to execute a defendant's term of imprisonment in this manner, and BOP personnel have conveyed to the Government the BOP's view that the Court lacks authority to do so.  By contrast, 18 U.S.C. § 3563(b)(10), which governs conditions of probation, expressly permits imposition of a condition that a defendant "remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation."

Given the Court's reference at sentencing to a term of supervised release, the Government also considered whether the Court could achieve its intended sentence through imposition of a sentence of time served to be followed by a term of supervised release with a special condition concerning weekend incarceration.  However, 18 U.S.C. § 3583(d), which governs conditions of supervised release, expressly notes that, while the Court may impose as a special condition of supervised release "any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate," the Court may impose "a condition set forth in subsection 3563(b)(10)"—*i.e.*, the provision authorizing intermittent BOP custody as a condition of *probation*—"only for a violation of a condition of supervised release in accordance with section 3583(e)(2) and only when facilities are available."  Accordingly, because the defendant is not being sentenced for having violated a condition of supervised release, 18 U.S.C.

---

The defense also has indicated that the defense may request that the Court consider placing the defendant on home confinement in lieu of a condition requiring weekend custody.  The Government opposes that request as barred by the Court's oral pronouncement.  The Court has already imposed sentence, and it has imposed 30 days' intermittent confinement.  The only open question is how to word the judgment to effectuate the sentence that has already been imposed.  (*See* Dkt. 113).

§ 3583(d) would not permit the Court to impose intermittent BOP custody as a condition of a supervised release term imposed here.

Lastly, and also in light of the Court's reference to a term of supervised release, the Government also considered whether the Court could effectuate its intended sentence by imposing a term of probation—and, with it, a discretionary condition of probation requiring weekends in the custody of the BOP—followed by a term of supervised release. However, there is no mechanism by which the Court could impose a term of supervised release following a term of probation. Rather, supervised release is available only where a defendant has been sentenced to a term of imprisonment. *See* 18 U.S.C. § 3583(a).

In conclusion, to effectuate its intended sentence, the Court should sentence the defendant to a term of probation and impose, as a discretionary condition of that probation pursuant to 18 U.S.C. § 3563(b)(10), a condition that the defendant spend weekends in the custody of the BOP, until the defendant has spent a total of 30 days in the custody of the BOP.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: ___/s/_____
Benjamin M. Burkett
Justin Horton
Jacob R. Fiddelman
Assistant United States Attorneys
(212) 637-2455 / 2276

cc:   Counsel of Record